UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-14036-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES H. ROBINSON,

    Defendant.

_____/



FILED by ___ D.C.

FEB - 9 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

# REPORT AND RECOMMENDATION ON MOVANT'S MOTION CHALLENGING JURISDICTION TO THE JUDGMENT ENTERED IN THE PRIOR PLEADING PURSUANT TO FEDERAL CIV. PROCEDURE RULE 60(b)(4)[D.E. #147] AND MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS [D.E. #146]

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions, the government's response, and the Court having reviewed the history of this case as set forth in the docket entries for both the criminal case listed above as well as the Defendant's civil habeas corpus case which is found at Case No. 05-14043-CIV-MOORE, and this Court otherwise being advised in the premises, makes the following recommendations to the District Court.

1. The Defendant's instant motion seeks review under Federal Rule of Civil Procedure 60(b) in his criminal case. The Court takes the allegations directly from the pro se motion. The Defendant attempts to challenge the jurisdiction of the Court in respect to the judgment and conviction based upon the recent Supreme Court decision in Bond v. United States, 131 S. Ct. 2355 (2011). The Defendant argues that the drug offenses for which he was convicted were properly limited only to state court jurisdiction and not federal

jurisdiction. Therefore, the federal government has no right to exceed their authority and implement penalties for the criminal conduct for which he was convicted. For several reasons, this Court disagrees with the Defendant's interpretation of the Bond decision and will explain herein.

2. The Defendant has had numerous opportunities to raise issues both before the District Court and the Eleventh Circuit Court of Appeals subsequent to his conviction after a jury trial on November 21, 2002. The Defendant was sentenced thereafter on March 5, 2003. The Defendant appealed his judgment and conviction and the Eleventh Circuit Court of Appeals affirmed that judgment and conviction by mandate entered January 5, 2004.

3. Subsequently the Defendant filed a habeas corpus motion in Case No. 05-14043-CIV-MOORE. The District Court denied his § 2255 motion by entry of an Order dated February 22, 2006. His subsequent appeal was dismissed by the Eleventh Circuit Court of Appeals on or about March 14, 2007.

4. The Defendant filed a Motion To Reduce Sentence which was denied by the District Court on March 28, 2008 as was his Motion For Reconsideration of that denial by entry of an Order dated May 7, 2008. The District Court then denied the Defendant's Motion Seeking Judicial Review by entry of an Order dated June 2, 2010 and denied his Motion For Reconsideration by entry of an Order dated August 9, 2010. This was all affirmed by the Eleventh Circuit Court of Appeals by entry of an Order dated April 13, 2011.

5. The Defendant then filed a Motion For Relief Under Rule 60 which is the identical basis for his relief in this case. The District Court denied that motion by entry of

an Order dated June 3, 2011 and denied his reconsideration motion by entry of an Order dated September 27, 2011.

6. The District Court subsequently denied the Defendant's request for a certificate of appealability on October 24, 2011. The Defendant has filed a Notice of Appeal regarding denial of his Motion For Relief From Judgment Under Rule 60. That appeal was filed with the Eleventh Circuit Court of Appeals on or about October 12, 2011 and appears to be pending. The Defendant has also filed a Notice of Appeal of the denial of his request for certificate of appealability. That notice was filed on November 2, 2011. It does not appear to this Court that there has been a decision by the Eleventh Circuit Court of Appeals on either of those appeals.

7. The Defendant is incorrect in arguing that the decision in <u>Bond</u> nullifies the criminal statute under which he was convicted. The <u>Bond</u> decision simply states that a defendant has standing to challenge a federal law under the Tenth Amendment. The Defendant attempts to do that herein, but does not argue how he can avoid the fact that such a motion is, in fact, a second round of habeas corpus review. The time periods set forth for such review are strictly adhered to. There has been well more than one year that has elapsed since the Defendant's conviction. Such Rule 60 motions have been found to be impermissible second or successive habeas corpus reviews in attempts by defendants to get around the time limitations in respect to such review. See <u>Franqui v. State of Florida</u>, 638 F.3d 1368 (11th Cir. 2011).

8. The fact that the Defendant attempts to couch his new claims under the <u>Bond</u> decision and argued the Tenth Amendment standing issue, does not preclude the dismissal of his claim for violation of the strict time limitations on such review.

3

9. This Court would also point out that the decision of the United States Supreme Court in <u>Bond</u> does not invalidate or find unconstitutional any particular statute, and certainly did not even address the statute under which the Defendant was convicted in this case. As stated by the Fifth Circuit Court of Appeals in <u>Blodgett v. Martin</u>, 2011 WL 6187097 (5th Cir. 2011), the decision in <u>Bond</u> simply held that a defendant has standing to raise a Tenth Amendment challenge to the statute under which he was convicted. The <u>Bond</u> decision did not alter the time limitations applicable to any collateral attack of a judgment subsequent to a defendant's initial appeal, did not decriminalize any particular federal statute, and did not even consider the merits of any constitutional challenge. The <u>Bond</u> decision merely went to the issue of standing. The Defendant's reasoning in interpretation of the <u>Bond</u> decision as he argues in his present motion is an extension well beyond what the United States Supreme Court actually stated in <u>Bond</u>.

10. The Defendant could have raised the constitutional issues under the Tenth Amendment in his numerous previous attempts to collaterally attack his judgment and conviction. He chose not to do so and has not established the exception which would permit him to now raise those claims which are time barred. Additionally, this Court points out that the Defendant already has an appeal pending for review of his judgment and conviction under Rule 60 and has also appealed the District Court's denial of his request for certificate of appealability. As such, this Court is without jurisdiction to rule upon those issues raised in his previous motions until such time as the Eleventh Circuit Court of Appeals has rendered a decision in respect to the Defendant's previous appeals.

11. This Court will also recommend that the Defendant's Motion For Leave To Appeal In Forma Pauperis [D.E. #146] be denied since that motion seeks to proceed in

4

forma pauperis in respect to the Notice of Appeal in which this Court denied the Defendant's request for certificate of appealability.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion Challenging Jurisdiction To The Judgment Entered In The Prior Pleading Pursuant To Federal Civ. Procedure Rule 60(b)(4) [D.E. #147] be **DENIED**, and that the Defendant's Motion For Leave To Appeal In Forma Pauperis [D.E. #146] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _9th_ day of February, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Theodore M. Cooperstein

James H. Robinson
Reg. No. 74855-004
Federal Correctional Institution
P.O. Box 779800
Miami, FL 33177